IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. and AADVANTAGE LOYTALTY IP LTD., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00044-P |
| RED VENTURES, LLC and THE POINTS GUY, LLC, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' ALTERNATIVE RULE 12(B)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Red Ventures LLC and The Points Guy LLC (collectively, "Defendants") file this Alternative Motion to Dismiss Plaintiffs American Airlines, Inc.'s and AAdvantage Loyalty IP Ltd.'s ("Plaintiffs") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In support thereof, Defendants would respectfully show the Court the following:

**I.
INTRODUCTION AND SUMMARY OF THE ARGUMENT**

The Points Guy App (the "TPG App") was created to maximize the traveling public's ability to utilize earned rewards miles from various loyalty programs and assist in making dream vacations a reality. Yet it appears American Airlines would rather keep its loyal customers in the dark when it comes to their earned reward points, stifling transparency and innovation in favor of rigid one-sided policies that have long left consumers confused and with little recourse. That

---

[1] This Motion is filed subject to Red Ventures LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Defendants' Motion to Dismiss for Improper Venue and Alternative Motion to Transfer.

strategy includes suing Defendants for providing this innovation based on claims that have no legal basis.

Despite Plaintiffs' 55-page Complaint, many claims consist of legally unsupportable theories and threadbare allegations with insufficient factual support. While the time will come to address Plaintiffs' claims on the merits, Plaintiffs fail to meet their Rule 12 burden as to at least the four claims set forth below:

- **Count III**: Unfair Competition by Misappropriation is pre-empted by the Federal Copyright Act.

- **Count IV**: The claim for trespass to intangible property should be dismissed because Plaintiffs have not been deprived of their intangible property.

- **Counts X** and **XI** fail to plead cognizable damages.

    o **Count X**: The Computer Fraud & Abuse Act contemplates specific loss like compromised data integrity or interruption in service, which Plaintiff fail to allege.

    o **Count XI**: Likewise, Texas Penal Code § 33.02(a) contemplates specific injury to a person or property; Plaintiffs fall far short of this pleading requirement.

Accordingly, the Court should dismiss these four claims at the outset and properly narrow the dispute before proceeding to discovery.

## II.
### STATEMENT OF THE FACTS

Rather than restate the facts, Defendants refer the Court to their previously filed Motion to Dismiss based on Personal Jurisdiction, Venue, and Alternative Motion to Transfer, which contains a thorough recitation of the facts known to date. More importantly, because the Rule 12 analysis rests on Plaintiffs' pleadings, the relevant facts will be further discussed below.

## III.
### LEGAL STANDARD

To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (internal quotations omitted).

## IV.
### ARGUMENT AND AUTHORITIES

**A.    Unfair Competition by Misappropriation is Pre-Empted by the Federal Copyright Act.**

Count III asserts that Defendants are liable for the tort of unfair competition by misappropriation under Texas state law. Doc. No. 1 at ¶¶115–19. However, this state law claim is preempted by federal law and should be dismissed. This is made plain by Plaintiffs' attempt to simultaneously recover for copyright infringement under 17 U.S.C. § 101. *Id*. at ¶¶162–68.

"[T]he Copyright Act preempts state law claims that fall within the general scope of federal copyright law." *Digit. Drilling Data Sys., Inc. v. Petrolink Servs., Inc.*, 965 F.3d 365, 377 (5th Cir. 2020). The court uses a two-part test to determine whether the state law claim is preempted: (1) whether the state claim "falls within the subject matter of copyright" as defined by the Act; and, if so, (2) whether the state claim "protects rights that are equivalent to any of the exclusive rights of a federal copyright." *Id*. at 377–78.

Regarding the first prong, where a plaintiff alleges that a defendant copied proprietary information, then the state claim falls within the scope of federal copyright law. For example, in *Widespread Elec. Sales, LLC v. Upstate Breaker Wholesale Supply, Inc.*, Widespread similarly

accused Upstate of copying proprietary data from its website for use on Upstate's website. No. 3:20-CV-2541-K, 2021 WL 2651087, at *1 (N.D. Tex. Jun. 28, 2021). Widespread pointed to its Website Use Agreement, which prohibited any transfer of information and contained provisions addressing access and use of its content. *Id*. Judge Kinkeade granted Upstate's Rule 12(b)(6) motion, holding that Widespread's unfair competition claim was preempted by federal copyright law because "Plaintiff does not allege that any of its website information is <u>not</u> copyrighted, including its online catalog or the content contained therein." *Id*. at *3 (emphasis in original).

Here Plaintiffs' pre-empted state law claim should also be dismissed. Plaintiffs complain that Defendants have unlawfully copied its "proprietary information." Doc. No. 1 at ¶¶115–19. Like in *Widespread*, Plaintiffs point to their "website terms" and fail to allege that any of its website information is not copyrightable. *Id*. All of Plaintiffs' allegations hinge on Defendants purported use of "proprietary information" or "proprietary data" that is squarely within the subject matter of the Copyright Act. *Id*. Because Plaintiffs' claims fall within the subject matter of the Copyright Act, which protects equivalent rights, the first element is satisfied.

As to the second prong, in no uncertain terms, the Fifth Circuit has at least "twice held that Texas's unfair-competition-by-misappropriation tort does not afford protection qualitatively different from federal copyright law." *Motion Med. Techs., L.L.C. v. ThermoTek, Inc.*, 875 F.3d 765, 775 (5th Cir. 2017) (citing *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 657 (5th Cir. 2017) (holding that copyright preempted a Texas unfair-competition-by-misappropriation claim); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 785–86 (5th Cir. 1999) (same)). This element is quickly dispensed with.

Accordingly, the unfair competition by misappropriation state law claim is preempted and Count III should be dismissed.

B.     **Plaintiffs Impermissibly Allege a Trespass on Intangible Property in Count IV.**

In Count IV, Plaintiffs maintain that Defendants "accessed and interacted with AA.com"—an intangible website—and somehow caused damages. Doc. No. 1 at ¶¶120–26. Because Plaintiffs cannot maintain a claim for trespass to intangible property, their claim should be dismissed.

Trespass to chattel is the wrongful interference with the use or possession of another's property. *In re Simons Broadcasting, LP*, No. W-11-CA-172, 2013 WL 9542015, at *18 (W.D. Tex. Nov. 19, 2013). "'Liability does not attach, unless the wrongful detention is accompanied by actual damages to the property or deprives the owner of its use for a substantial period of time.'" *Id*. (quoting *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981)).

Such claims of trespass to intangible property are routinely dismissed under circumstances similar to those here. For example, in *In re Simons Broadcasting, LP*, the court dismissed the plaintiff's claims for trespass to chattels where defendant allegedly downloaded and accessed the plaintiff's client information, stating that "[t]his Court is not aware of any Texas court expanding trespass to personalty claims to trade secrets or other intangible property, and declines to do so today." *Id*.; *see also DHI Grp., Inc. v. Kent*, 2017 U.S. Dist. LEXIS 178481, NO. H-16-1670, at *13–14 (S.D. Tex. 2017). Similarly, in *Kent*, the court dismissed Oilpro's trespass counterclaim where it alleged that plaintiffs "intentionally, and without authorization, accessed and interacted with the Oilpro Website and with Oilpro's computer systems and servers" and that they violated the terms and conditions of Oilpro's website through this access. *Kent*, 2017 U.S. Dist. LEXIS 178481, at *13–14.

This Court should join its sister courts in dismissing this claim where Plaintiffs' allegations are almost identical to Oilpro's in *Kent*. Plaintiffs fail to allege a trespass to tangible property and instead merely accuse Defendants of accessing their website and allegedly violating their website's

terms and conditions. Plaintiffs have failed to state a claim for trespass in Count IV.

C. **Plaintiffs' CFAA (Count X) and Texas Harmful Access by Computer Act § 33.02 (Count XI) Claims Should be Dismissed for Failure to Plead Recoverable Damages.**

Plaintiffs allege Defendants violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the Texas Harmful Access by Computer Act, Texas Penal Code § 33.02 ("THACA"). Doc. No. 1 at ¶177–85. For the reasons set forth below, Plaintiffs have not met their burden of pleading *any* cognizable injury, let alone the specific injuries necessary for CFAA or THACA claims. These claims should be dismissed.

1. **CFAA claims require compromised data integrity or interruption in service.**

The CFAA prohibits acts of computer trespass by unauthorized users and creates a civil remedy for "[a]ny person who suffers damage or loss by reason of violation of this section." 18 U.S.C. § 1030(g). Plaintiffs maintain that "Defendants intentionally *accessed* and continue to *access* American's protected computers or servers without authorization . . . and obtain and continue to obtain information from protected American computers or servers . . . in violation of [ ] [the CFAA]." Doc. No. 1 at ¶171 (emphasis added). Mere access to data is not enough to create a cognizable claim for damages under the CFAA. The CFAA defines damage as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). And "[t]he case law is abundantly clear that the mere accessing of data does not meet the definition of damage under the [statute]." *Pascal Pour Elle, Ltd. v. Jin*, 75 F. Supp. 3d 782, 791 (N.D. Ill. 2014).

Here, Plaintiffs fail to plead that any data was impaired, that its integrity was compromised, or that any data was rendered unavailable from Plaintiffs' computers. In reality, Defendants' conduct, if anything, assists consumers in utilizing Plaintiffs' services, and does not damage its data or computers. Moreover, the mere allegation that Defendants have accessed its data is insufficient and expressly excluded from recovery under the CFAA.

Alternatively, Plaintiffs must show that they suffered a "loss"[2] as defined in the Act, that is "a cost of investigating or remedying *damage to a computer*, or a cost incurred *because the computer's service was interrupted*." *See, e.g.*, *Southwest Airlines Co. v. Harris*, No. 3:07-CV 583-D, 2007 WL 3285616, at *4 (N.D. Tex. Nov. 2, 2007) (internal quotations omitted) (emphasis added); *Oil States Skagit Smatco, LLC v. Dupre*, No. 09-4508, 2010 WL 2605748, at *12 (E.D. La. Jun. 21, 2010) (quoting 18 U.S.C. § 1030(e)(11)). Plaintiffs offer the conclusory allegation that they have suffered "harm to its content and program, and expenses from being forced to investigate the unauthorized access and abuse of its computers and servers . . ." and that such harm was "over $5000 aggregated over a one-year period." Doc. No. 1 at ¶175. But Plaintiffs fail to allege that the cost of investigation was related to a damaged computer or that any service provided by their computers was interrupted. Nor can they where Defendants have only facilitated consumers' access to Plaintiffs' website.

When faced with similar damages allegations, other judges from this Court have dismissed CFAA claims that failed to support similarly conclusory allegations. *See, e.g.*, *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2017 WL 735460, at *8 (N.D. Tex. Feb. 24, 2017) (Boyle, J.). In *Nugent*, Insurance Safety Consultants ("ISC") claimed it was damaged by Nugent's "unauthorized access" to its owner's emails, which it paid money to investigate, as well as related legal bills. Indeed, ISC alleged that it lost business as a result of Nugent's conduct. The court noted that these damages "lack any factual underpinnings that would allow the Court to infer $5,000 in damages, let alone $5,000 in damages over a one-year period." *Id*. Judge Boyle's analysis of these allegations is applicable here:

---

[2] The CFAA defines "loss" as the cost of "responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred *because of interruption of service*." 18 U.S.C. § 1030(e)(11) (emphasis added).

> Plaintiffs list off a number of hardships that they have purportedly suffered as a result of [Defendant's] actions and then ask the Court to trust their unsupported conclusion that those hardships resulted in enough damages to state a claim under the CFAA. Plaintiffs needed to show more—Rule 12(b)(6) does not permit the Court to take that leap of faith.

Like ISC's threadbare allegations in *Nugent*, Plaintiffs here have not provided anything more than an unsupported conclusion that they have suffered unsupportable damages. Without more concrete allegations, Plaintiffs cannot establish a cognizable CFAA claim.

## 2. Plaintiffs cannot recover under Section 33.02 without showing injury.

Plaintiffs' claim under the Texas Harmful Access by Computer Act is similarly unsupported. The Texas Penal Code § 33.02(a) provides that a "person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a). Once a Section 33.02 violation is established, a civil cause of action can only be maintained by a "*person who is injured or whose property has been injured* as a result of a violation under Chapter 33." TEX. CIV. PRAC. & REM. CODE § 143.001(a) (emphasis added). "Damages are an essential element" of the claim. *TrueBeginnings, LLC v. Spark Network Servs., Inc*, 631 F. Supp. 2d 849, 858 (N.D. Tex. 2009) (Lynn, J.). A cognizable injury would be "competitive losses . . . [or] damage to the actual data integrity within the database." *Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-CV-00902-P, 2013 WL 12172926, at *8 (N.D. Tex. Aug. 15, 2013).

For the same reasons set forth in the previous section, Plaintiffs have not pled a cognizable injury, let alone the specific types contemplated by Section 33.02. At most, Plaintiffs allege that they were "harmed by . . . costs associated with American's response to defendants' unlawful access and collection of data; and [ ] diminution in value of its product as a result of consumer confusion." Doc No. 1 at ¶181. But Plaintiffs have not alleged any such confusion actually exists. In any event, "response" costs and vague consumer confusion are not injuries to Plaintiffs' *person*

*or property* as required under the Texas Penal Code. *See* TEX. CIV. PRAC. & REM. CODE § 143.001(a). Plaintiffs' claim for violation of the Texas Harmful Access by Computer Act should be dismissed.

## V.
### CONCLUSION

As set forth above, at least four of Plaintiffs' claims fail to meet the plausibility standard required to survive a Rule 12(b)(6) Motion to Dismiss. Defendants pray that this Court dismiss those claims and for such other relief as the Court deems proper and in the interest of justice.

Dated: April 1, 2022

Respectfully submitted,

**BECK REDDEN LLP**

*/s/ Alex B. Roberts*
David J. Beck (State Bar No. 00000070)
Alex B. Roberts (State Bar No. 24056216)
Jake McClellan (State Bar No. 24109525)
1221 McKinney Street, Suite 4500
Houston, Texas
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
dbeck@beckredden.com
aroberts@beckredden.com
jmcclellan@beckredden.com

- and -

**WICK PHILLIPS GOULD & MARTIN, LLP**

David J. Drez III (State Bar No. 24007127)
Colin P. Benton (State Bar No. 24095523)
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789
david.drez@wickphillips.com
colin.benton@wickphillips.com

**ATTORNEYS FOR DEFENDANTS RED VENTURES LLC AND THE POINTS GUY LLC**

### CERTIFICATE OF SERVICE

On April 1, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Colin P. Benton*
Colin P. Benton