IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. and AADVANTAGE LOYTALTY IP LTD., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 4:22-cv-00044-P |
| RED VENTURES, LLC and THE POINTS GUY, LLC, | § § § | |
| Defendants. | § § § | |

DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2) AND 12(B)(3) AND ALTERNATIVE MOTION TO TRANSFER VENUE

Defendants Red Ventures, LLC ("RV") and The Points Guy, LLC ("TPG") file this Reply in support of their Motion to Dismiss the Complaint of American Airlines, Inc. and AAdvantage Loyalty IP Ltd. (collectively, "AA") pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) and Alternative Motion to Transfer Venue and would respectfully show as follows:

**I.**
**INTRODUCTION**

While effectively conceding that RV is not subject to the Court's general jurisdiction, AA's Response attempts to move the specific jurisdiction goal posts. AA indiscriminately uses the global trade name "Red Ventures" to confer jurisdiction on a specific entity (RV) that indisputably has no connection to the allegations made in this case. Such an approach has been rejected. *See, e.g.*, *Risinger Holdings, LLC v. Sentinel Ins. Co., Ltd.*, No. 1:20-CV-00176, 2021 WL 4520968, at *2 (E.D. Tex. Sept. 30, 2021) ("[A] trade name [] is not a separate legal entity capable of being

sued."). Defendants' declarations confirm RV's lack of involvement in the claims underlying this dispute.

Moreover, while the Fifth Circuit has made clear that specific jurisdiction is "claim-specific," and requires a plaintiff's "cause of action arises out of [Defendant's] [Texas] contacts," AA conflates *statements* (incorrectly) attributed to RV (that do not form the basis of *any* of its claims) about TPG's *conduct* (on which all of its claims are based). *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018). These alleged "contacts," inaccurate as they are, do not relate to nor give rise to AA's underlying claims and are no basis for jurisdiction over RV.

On venue, AA's Response raises more questions than answers. To the public, AA has touted its transition to the Cloud for its online-based services. In this lawsuit, AA changes its tune. AA's vague reference to "member data" being located in this District reveals no relevant information as to *what* information is accessed when AAdvantage members log in to their accounts through the TPG App, *how* that information is accessed, and from *where* that information is accessed. If inclined to accept AA's allegations, prior to ruling on the Motion, Defendants respectfully request that the Court order targeted venue discovery to determine what involvement, if any, AA's purported Fort Worth servers have in this dispute. Finally, the Court should not entertain AA's misplaced reliance on an obviously inapplicable "forum selection clause" to manufacture venue in this dispute.

## II.
### ARGUMENT AND AUTHORITIES

A.     **RV is not subject to jurisdiction.**

AA's Response is based on erroneous allegations that certain representatives acting allegedly on behalf of TPG or under the "Red Ventures" trade name bind a different specific entity

(RV) that it sued. *See generally* Resp. at pp. 10–14. None of those representatives work for RV, and RV could not be the entity responsible for any of AA's allegations, even if they were true. Motion at App. 002 ("[RV] has no employees."); *id.* at App. 008 ("[RV] did not create or develop the TPG App, draft code or content associated with the TPG App, or otherwise maintain, operate, or have any control over the TPG App."). In reality, RV is "a holding company in the marketing services industry" and holds "entities that do not include TPG."[1] *Id.* at App. 002. It really is, as RV stated in its Motion, a stranger to this litigation.

This is why courts do not allow suit against just *any* company that happens to share its name with a more general trade name. *See Risinger*, 2021 WL 4520968 at *2 ("[A] trade name [] is not a separate legal entity capable of being sued."). For example, in *Risinger*, the court dismissed The Hartford Financial Services Group, Inc., which was one of many companies operating under the trade name "the Hartford," because, in short, it had nothing to do with the claims made in the case. *Id.* at *4. There, a distant corporate relative was the insurer that issued the policy, and thus, the claims were proper against *that* entity. *Id.* at *2. The court noted that "[e]ven if [plaintiff] were capable of stating a claim, it has only adequately alleged conduct linked to a group of entities doing business under the trade name, 'The Hartford,' but not the legal entity." *Id.* Likewise, bare assertions that a company is a corporate affiliate do not satisfy the standard to impute contacts from one corporate entity to another. *Id.* at *4. Here, AA makes no attempt to establish that the contacts of TPG can be imputed to *any corporate relative*, much less RV. And its misplaced

---

[1]  AA likewise relies on descriptions of the more general "Red Ventures" conglomerate to assert this specific entity, RV, operates "over a hundred 'news and information sites,'" that it is "the biggest digital publisher in America," and a "4,500-employee juggernaut," Resp. at pp. 1, 5. These allegations do not correctly describe this RV entity, which again "has no employees" and "does not utilize a publicly available website for commercial purposes." Motion at App. 002.

allegations against an entity that happens to operate under the more general "Red Ventures" trade name are insufficient to confer jurisdiction.

Even so, RV's purported "contacts," inaccurate as they may be, are a red herring. Because "personal jurisdiction is a claim-specific inquiry," *Trois*, 882 F.3d at 489, AA needed to sufficiently tie each of its claims to contacts attributable to *RV*. Rather than pointing to contacts that tie to its claims, AA conflates *statements* allegedly attributable to RV with the alleged *conduct* attributable to TPG that underlies its claims. Even assuming the truth of AA's allegations, AA makes no claims that rely on RV's alleged *statements*—its claims rely on TPG's alleged *use* of AA's copyrights, trademarks, or other information. *See generally* Compl. By way of example, what "contact" with RV is jurisdiction over AA's breach of contract claim based?[2] After all, AA cannot rebut RV's evidence that it did not "create or develop the TPG App, draft code or content associated with the TPG App, or otherwise maintain, operate, or have any control over the TPG App" or that it "does not have an AAdvantage account." Motion at App. 008. The Fifth Circuit does not consider contacts unrelated to a plaintiff's claims when determining whether specific jurisdiction can be exercised. *Admar*, 18 F.4th at 786 (requiring that the "cause of action arises out of [Defendant's] [Texas] contacts"). Even if RV's alleged contacts were properly attributable to it, jurisdiction would still be lacking.

**B.      The Northern District of Texas is an improper venue.**

Separate from the jurisdiction question, this District is an improper venue for this action. As an initial matter, AA's continued reliance on a claimed "forum selection clause" is puzzling. AA acknowledges that it applies to "[a]ny lawsuit brought by **you**," while at the same time ignoring

---

[2]   For breach of contract, "only those acts which relate to the formation of the contract and the subsequent breach are relevant." *Trois*, 882 F.3d at 489 (quoting *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003)).

that AA, not Defendants, *brought this lawsuit*.  Resp. at p. 18.  The plain text of the clause confirms

it is inapplicable.  *Demond v. Infiniti HR, LLC*, No. 3:17-CV-1322-D, 2018 WL 4145053 at *4

(N.D. Tex. Aug 30, 2018) (Fitzwater, J.) (quoting *Aerus LLC v. Pro Team, Inc.*, No. 3:04-CV-

1985-M, 2005 WL 1131093, at *7 (N.D. Tex. May 9, 2005) ("If the substance of the . . . claims,

stripped of their labels, does not fall within the scope of the forum selection clause, the clause

cannot apply.")).  AA's attempts to distinguish *Luxury Travel* are unhelpful—like the *Luxury*

*Travel* court, this Court should find that AA cannot manufacture venue (or jurisdiction) based on

a clause that expressly applies only to claims brought by others (to the extent they are bound by it)

*against* AA.[3]  276 S.W.3d 154, 156 (Tex. App.—Fort Worth 2008, no pet.).  The forum selection

clause has no bearing on the Court's venue determination here.

AA's only other venue argument rests on the assertion that it maintains servers located in

Fort Worth.  Resp. at pp. 20-21.[4]  AA's allegations conflict with what AA has told the public about

the location of its online services.  As set forth in Defendants' Motion, the evidence shows that a

user seeking to access aa.com is sent first to a third-party server in California, then to other third-

party servers in Virginia or Arizona.  Motion at pp. 12-15.  Notably, none of AA's public

comments or presentations indicate that AAdvantage information was segregated from this

migration to the Cloud, or that it maintained additional servers in Fort Worth to which AAdvantage

log-ins are directed.  AA's evidence is likewise too vague to determine whether the alleged conduct

even interacts with these servers, only referencing the storage of "AAdvantage member data."

---

[3]   AA makes irrelevant references to litigation brought by TPG in Delaware.  Resp. at p. 19.  If AA believes that lawsuit should be brought in a different forum, it can assert that argument there.  It has no bearing on *this* lawsuit brought by *AA*.

[4]   AA belatedly claims that "a substantial part of the property that is the subject of the action is situated here," even though it omitted that allegation from its pleading.  *See* Compl. at ¶ 17.

Response at App. 027-28.  AA's declaration does not, for instance, state that TPG's alleged conduct actually creates any interaction with these servers.  *Id*.

If the Court is inclined to accept AA's allegations that are inconsistent with AA's public statements, Defendants respectfully request that the Court first order targeted venue discovery to determine exactly what data is stored in Fort Worth, whether AAdvantage users accessing their accounts through the TPG App interact with those servers, and how that interaction occurs before deciding the Motion.  *See Uniloc 2017 LLC v. Riot Games, Inc.*, No. 2:19-CV-00223-JRG, 2020 WL 1158611, at *3 (E.D. Tex. Mar. 10, 2020) ("The Court has discretion to allow targeted venue discovery.") (citing *Moore v. CITGO Ref. & Chems. Co., LP*., 735 F.3d 309, 315 (5th Cir. 2013)).

## III.
### CONCLUSION

The remaining issues raised by AA's Response were sufficiently briefed in Defendants' Motions.  Defendants respectfully request that the Court grant RV's Motion to Dismiss under Rule 12(b)(2), Defendants' Motion to Dismiss under Rule 12(b)(3) (or order targeted venue discovery as set forth above), or alternatively grant Defendants' Motion to Transfer Venue.

Dated: May 6, 2022

Respectfully submitted,

**BECK REDDEN LLP**

*/s/ Alex B. Roberts*
David J. Beck (State Bar No. 00000070)
Alex B. Roberts (State Bar No. 24056216)
Jake McClellan (State Bar No. 24109525)
1221 McKinney Street, Suite 4500
Houston, Texas
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
dbeck@beckredden.com
aroberts@beckredden.com
jmcclellan@beckredden.com

- and -

**WICK PHILLIPS GOULD & MARTIN, LLP**

David J. Drez III (State Bar No. 24007127)
Colin P. Benton (State Bar No. 24095523)
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789
david.drez@wickphillips.com
colin.benton@wickphillips.com

**ATTORNEYS FOR DEFENDANTS RED VENTURES LLC AND THE POINTS GUY LLC**

<u>**CERTIFICATE OF SERVICE**</u>

On May 6, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Colin P. Benton*
Colin P. Benton