IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., and AADVANTAGE LOYALTY IP LTD. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00044-P |
| RED VENTURES LLC; THE POINTS GUY LLC, | § § § | |
| Defendants. | § | |

_____

**REPORT REGARDING CONTENTS OF SCHEDULING ORDER**
_____

Pursuant to FED. R. CIV. P. 16(b), FED. R. CIV. P. 26, and this Court's April 11, 2022 Order,

Plaintiffs American Airlines, Inc. and AAdvantage Loyalty IP Ltd. (together, "American") and

Defendants Red Ventures, LLC ("RV") and The Points Guy ("TPG," and together with RV,

"Defendants") and submit this Report Regarding Contents of Scheduling Order ("Joint Report"):

1) **A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospect of settlement;**

On May 3, 2022, the parties held an in-person conference in Fort Worth, Texas at the offices of Kelly Hart & Hallman, LLP.  Dee J. Kelly, Jr. (lead counsel), Lars Berg and Austin Franklin were present for American and Alex Roberts (lead counsel), David Drez, and Colin Benton were present for Defendants.  The parties discussed the issues to be addressed in the litigation, the necessary discovery to be taken, a proposed schedule, and the prospects of settlement.

Through this conference, the parties developed a better understanding of the areas for negotiation moving forward and consider this meaningful progress toward settlement.

2)  **A brief statement of the claims and defenses;**

Plaintiffs' Contentions:

This lawsuit relates to the use of trademarks and expropriation of a world-famous brand and goodwill to unfairly compete in the highly competitive context of airline rewards programs. American alleges that defendants have deployed an unlawful scheme to expropriate for free American's brand, goodwill, and intellectual property to gain access to all the proprietary information and data contained on the AA.com portal through the use of a new mobile application—the "TPG App." American alleges that the TPG App encourages AAdvantage® members (among others) to give the TPG App their AAdvantage® user information and passwords so that the TPG App can invade American's servers, access users' accounts, and collect and expropriate the proprietary data that AAdvantage® has developed, maintained, stored, and protected over many years. American brought this lawsuit to protect its trademarks, brand, and goodwill, to recover for the damage defendants' unlawful conduct has caused, and to prevent any such further conduct from occurring in the future

American filed this lawsuit on January 18, 2022 alleging breach of AA.com's "use agreement," tortious inference with contract, unfair competition by misappropriation, trespass, trademark infringement under 15 U.S.C. § 1114, dilution under 15 U.S.C § 1125(c), dilution under Texas state law, false designation of origin and unfair competition under 15 U.S.C. § 1125(a), copyright Infringement under 17 U.S.C. § 101, computer fraud and abuse under 18 U.S.C. § 1030, violation of Texas Harmful Access by Computer Act, unjust enrichment, and recovery of attorneys' fees.

Defendants' Contentions:

Defendants reassert all defenses and contentions raised in their Rule 12(b)(2), (3), and (6) motions currently pending before the Court.

Defendants reject Plaintiffs' contentions that Defendants are subject to, bound in any way by, or in violation of Plaintiffs' Use Agreement as described in Plaintiffs' Complaint. Defendants contend that they have not interfered with Plaintiffs' Use Agreement as described in Plaintiffs' Complaint. As set forth more fully in the currently pending suit in the Superior Court of Delaware, Defendants contend that it is Plaintiff American Airlines, Inc. ("AA") who is improperly interfering with Defendant The Points Guy, LLC's ("TPG") contractual agreements with its current and potential customers and TPG's current and potential business relations and thereby tortiously interfering with TPG's prospective economic advantage.

Defendants reserve the right to assert any and all specific affirmative defenses as may be applicable in an answer to Plaintiffs' Complaint. Defendants further reserve the right to assert additional defenses after the parties have had an opportunity to conduct discovery or investigation, or at any time in accordance with the Federal Rules of Civil Procedure, Local Rules of this Court, and the Court's Scheduling Order as may issue.

**3)**      **A proposed time limit to amend pleadings and join parties;**

The parties anticipate needing several months thereafter to conduct some initial discovery and determine whether new parties or pleadings are necessary. Accordingly, the parties propose that any motions to Amend Pleadings or join parties be filed on or before August, 8, 2022.

**4)**      **A proposed time limit to file various types of motions, including dispositive motions;**

Given the scope of the dispute and amount at issue, the parties anticipate needing extensive written discovery and depositions of multiple fact and expert witnesses. Accordingly, the parties propose that any non-trial related motions, including dispositive motions, be filed on or before May 8, 2023.

**5)**      **A proposed time limit for initial designation of experts and responsive designation of experts;**

The parties propose that any party who intends to call any expert witness to testify on a matter on which that party has the burden of proof shall serve the information required by Federal Rule of Civil Procedure 26(a)(2) on or before January 16, 2023.

The parties propose that any party who intends to call an expert witness to testify in response to any expert designated by a party on a matter on which that party has the burden of proof shall serve the information required by Federal Rule of Civil Procedure 26(a)(2) on or before February 15, 2023.

**6)**      **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);**

The parties propose that motions challenging expert designations or proposed expert testimony be filed on or before June 10, 2023.

**7)**      **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;**

The parties propose that all factual and expert discovery is to be completed by May 12, 2023 and that all discovery requests, including written discovery and requests for depositions, should be served so that responses are due and depositions taken by this deadline.

The subjects on which discovery may be needed include, but are not limited to, the following: (i) American's allegations, causes of action, and alleged damages; (ii) Defendant's allegations and defenses; (iii) and the opinions of any experts.

At this time, the parties do not see a need to conduct discovery in phases.

**8)     A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;**

Defendant believes there may be a need for protection of confidential or proprietary information.  The parties agree that the standard form of protective order typically employed in Northern District cases will be suitable to the needs of this case. The parties agree that no limitations on discovery are needed, other than those imposed by the Federal Rules of Civil Procedure or by the Court's local rules.

**9)     A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI;**

The parties agree to preserve and produce in accordance with the Federal Rules of Civil Procedure. The parties agree that documents, including electronically stored information, will be produced in PDF or TIFF format, except for excels, which will be produced natively. The parties further agree that documents will be produced in searchable format, if available. The requesting party may also request production of select documents in their native format (e.g., Microsoft Outlook, Lotus Notes, Microsoft Excel, etc.), and the parties agree to cooperate with any such reasonable requests.  The parties agree that they will negotiate a set of metadata to be produced for all documents.

No disputes regarding disclosure and/or discovery of ESI have arisen at this time.

**10)    Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;**

None at the time of this Joint Report.

**11)    A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded;**

The parties request a September 2023 trial date.  The parties anticipate that it will take five to seven days to present the evidence in this case.  American has not yet filed a jury demand.

**12)    A proposed mediation deadline;**

The parties recommend a deadline to conduct a mediation by September 26, 2022.

13) **A statement as to when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made;**

The parties have not yet made initial disclosures, but acknowledge and will comply with the Court's April 11, 2022 Order requiring "the parties must make the disclosures described in Federal Rule of Civil Procedure 26(a)(1)" by May 22, 2022. *See* Order, ¶¶ II, VI.

14) **A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray (if all parties consent, please submit the attached consent form);**

The parties do not agree to conduct the trial before a magistrate judge.

15) **Whether a conference with the Court is desired, and if so, a brief explanation why;**

The parties do not believe a conference with the Court is needed at this time.

16) **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).**

None at the time of this filing of this Joint Report.

Dated: May 9, 2022

Respectfully submitted,

/s/ Lars L. Berg
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
austin.franklin@kellyhart.com
State Bar No. 24057853
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

Howard S. Hogan
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 887-3640
(*pro hac vice*)

**ATTORNEYS FOR PLAINTIFFS
AMERICAN AIRLINES, INC. AND
AADVANTAGE LOYALTY IP LTD.**

/s/ Alex Roberts
David J. Drez III (State Bar No. 24007127)
Colin P. Benton (State Bar No. 24095523)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789
david.drez@wickphillips.com
colin.benton@wickphillips.com

David J. Beck (State Bar No. 00000070)
Alex B. Roberts (State Bar No. 24056216)
Jake McClellan (State Bar No. 24109525)
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, Texas
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
dbeck@beckredden.com
aroberts@beckredden.com
jmcclellan@beckredden.com

**ATTORNEYS FOR DEFENDANTS
RED VENTURES, LLC AND
THE POINTS GUY, LLC**